OCTOBER 23, 1973

No. 72–1510. CINEMA CLASSICS, LTD., INC., ET AL. *v.* BUSCH, DISTRICT ATTORNEY OF LOS ANGELES COUNTY, ET AL. Affirmed on appeal from D. C. C. D. Cal. MR. JUSTICE DOUGLAS, being of the view that the Fourteenth and First Amendments prohibit state obscenity regulation, would vacate so much of the judgment as is the sub-

ject of this appeal and remand for further proceedings consistent with his dissent in *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Appellants appeal from so much of the judgment of the three-judge court as denied them declaratory and permanent injunctive relief in this action challenging the constitutionality of California's statutory search-and-seizure provisions (California Penal Code §§ 1523–1542), as construed and applied, and as aids in the enforcement of the underlying California obscenity statute, California Penal Code § 311.2 (a), which provides as follows:

> "Every person who knowingly sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state possesses, prepares, publishes, or prints, with intent to distribute or to exhibit to others, or who offers to distribute, distributes, or exhibits to others, any obscene matter is guilty of a misdemeanor."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 311.2 (a) is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore vacate so much of the judgment of the District Court as is the subject of the appeal and remand

948

for further proceedings consistent with my dissent in *Paris Adult Theatre I.* In that circumstance, I have no occasion to consider whether appellants' challenge to the constitutionality of the application of §§ 1523–1542 merits plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).