**CITY OF HOUSTON, Appellant,**

v.

**TWIN CITY FIRE INSURANCE COMPANY, Appellee.**

**No. 17255.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1979.

Rehearing Denied Feb. 15, 1979.

Robert M. Collie, City Atty., Frank L. Mauro, Asst. City Atty., Houston, for appellant.

Thompson & Redford, David C. Redford, Houston, for appellee.

PEDEN, Justice.

The City of Houston appeals from that part of a judgment awarding $3,315 to Twin City Fire Insurance Company (Twin City).

The parties to this appeal have agreed to the following statement of facts: On June 17, 1974, Arlester Byrd, Jr., was employed by Universal Waste Control Systems Corporation as a truck driver and while on the job sustained injuries in an accident with a City of Houston truck. He pursued a workmen's compensation claim against his employer's carrier, Twin City, and on February 19, 1976, the claim was settled and judgment entered for $3,315. Byrd did not give notice to the City pursuant to the City Charter that he was making a claim against it. On March 19, 1976, Twin City gave notice to Houston of its subrogation claim. Universal Waste Control Systems Corporation had given timely notice to Houston of its claim for damage to its truck in the accident of June 17, 1974.

The trial judge found that the accident on June 17, 1974 was caused by the negligence of the City, that it was liable to Twin City in the amount of $3,315, and concluded that Twin City's cause of action against the City did not accrue until Byrd obtained a judgment in his compensation case.

We agree with the appellant's position that the City was entitled to prevail because notice of Byrd's personal injuries was not timely submitted to the City. Article IX, Section 11 of the Houston City Charter provides in pertinent part:

Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured . . . shall give the Mayor and City Council notice in writing of such injury . . . within 90 days . . stating in such written notice when, where and how the injury occurred and the apparent extent thereof . . . a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the City from any liability whatsoever . . .

It is well settled in Texas that an ordinance such as the one here involved is mandatory and that the filing of a written claim within the specified time limit is a condition precedent before a suit can be maintained against the city for such injury. *Phillips v. City of Abilene,* 195 S.W.2d 147 (Tex.Civ.App.1946, writ ref.) See also *City of Houston v. Hruska,* 155 Tex. 139, 283 S.W.2d 739 (1955), a case involving the Houston ordinance still in effect. The doctrine of estoppel was not raised in our case, and Twin City does not contend that the City received actual notice or 6 months' notice as contemplated by Article 6252–19, § 16, V.T.C.S.

In our case it is clear that Byrd could not maintain his suit for personal injuries against the City.

Houston is a home rule city existing under Article 11, Section 5 of Vernon's Texas Constitution. Its charter powers are plenary, subject to the limitation that its charter and ordinances shall contain nothing inconsistent with the State and Federal Constitutions or the general laws enacted by the Legislature. We find nothing in the notice of injury provision in the Charter of the City of Houston that is in conflict with or repugnant to either of those constitu-

tions or the general laws. See *Wagstaff v. City of Groves,* 419 S.W.2d 441 (Tex.Civ. App.1967, writ. ref. n. r. e.).

Twin City's suit against Houston is based on Byrd's claim. Twin City's petition alleged that in discharge of its liability under a compensation insurance policy carried by Byrd's employer, it had paid Byrd $3,315 in workmen's compensation insurance. The petition stated that by reason of such payment, "and under the provisions of the Texas Workmen's Compensation Act, Plaintiff Twin City has become subrogated to a claim for this amount" against Houston.

The subrogation provision in question is contained in Article 8307, section 6a, Vernon's Texas Civil Statutes (1973):

If compensation be claimed under this law by the injured employee . . . then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee . . . the liability of said other person . . .

A claim for recoupment of compensation is a derivative cause of action under Article 8307, sec. 6a, depending upon a recovery by the injured employee of damages growing out of personal injuries sustained as a result of the act or omission of a third party. *Yeary v. Hinojosa,* 307 S.W.2d 325 (Tex.Civ. App.1957, writ. ref. n. r. e.)

Since Byrd could not maintain a suit against Houston for his personal injuries, and since Twin City's cause was a derivative one dependent upon a recovery by or for Byrd, his failure to comply with the notice requirement was fatal to Twin City's subrogation suit.

We agree with Twin City that the trial court properly concluded that its cause of action against the City did not mature until Byrd obtained a final judgment against Twin City more than 20 months after the accident. *Campbell v. Sonford Chemical Co.,* 486 S.W.2d 932 (Tex.1972). We find no basis, however, to abrogate the rule upholding city charter provisions for timely notice of injuries and holding that

such notice is a condition precedent to recovery based on those injuries.

In a case decided before the 1973 amendment to Art. 8307, sec. 6a, *T. E. I. A. v. Soliz*, 288 S.W.2d 165 (Tex.Civ.App.1956, writ ref. n. r. e.), the employee exercised his statutory election to first proceed against a third party. The court stated:

He [the employee] also had the power to destroy the subrogation rights of the Association. * * * When the employee in control of the litigation so manages the litigation that his own rights against one of the alternatives are lost or destroyed thereby losing or destroying those also of the subrogee, he has exercised an option to proceed. More accurately, it may be termed a failure to exercise an option, but the significant point is that the employee is the one who has entirely used up all right to institute the third-party action.

The City did not appeal from the award in the trial court's judgment in favor of the Hartford Accident and Indemnity Company, so it remains undisturbed. As to the award of $3,315 to Twin City, the judgment is reversed and is rendered that Twin City take nothing.