**Josephina Z. GONZALES, Henry Mireles, Santos Z. Mireles, Albert Mireles and Ester Mireles, Appellants,**

v.

**CONOCO, INC. and Gertrudis de Carreon, Appellees.**

No. 4–86–00183–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1986.

William R. Henderson, Houston, for appellants.

Glen Baudreaux, H. Victor Thomas, Houston, E. Nicholas Milam, San Antonio, William G. Burnett, M. Whitten, Sinton, for appellees.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

CANTU, Justice.

This is an appeal from an order dismissing the appellants' cause of action with prejudice for their failure to comply with the trial court's order of sanctions. Appellants filed suit against the appellees, Conoco, Inc. and Gertrudis de Carreon, seeking to recover title to various mineral interests.

During the course of pretrial preparation appellees filed separate motions for sanctions against appellants, alleging that appellants refused to respond to interrogatories, failed to produce documents requested pursuant to Conoco's subpoena duces tecum and refused to answer questions related to the requested documents during depositions.

Both motions for sanctions were granted on November 18, 1985. Appellants were ordered to pay Conoco's attorneys fees and costs in the amount of $1,383.49 and to pay de Carreon's attorneys fees and costs in the amount of $1,198.14. The orders granting the sanctions additionally ordered that the fees and costs were to be paid "not later than the 10th day following the hearing on same, to-wit, November 28, 1985." The order further provided:

> ORDERED, that the payment of said monetary sums by the date set out above shall constitute a condition precedent to the ability of the Plaintiffs to further prosecute this action and such failure to pay said amount within said time period shall immediately subject Plaintiffs to an ·Order striking their pleadings and dismissing their case herein;

> ORDERED, that Plaintiffs shall appear at the Zapata County Courthouse in Zapata County, Texas, commencing at 9:00 a.m. on the 16th day of December, 1985 and continuing thereafter until completed, for the purpose of submitting themselves to oral deposition by the Defendants in this case; and ... at such time, produce to the Defendants all documents or tangible things requested [in the Subpoena Duces Tecum] previously issued.

The sanction orders were signed on December 3, 1985.

No statement of facts accompanies the record on appeal, however, appellants allege in their brief that they tendered the fees and costs to appellees on December 13, 1985. Thus they allege that the fees were timely paid within ten days after the date of judgment. Conoco contends it did not receive appellant's tender until December 14 and that it returned the tender as untimely paid. De Carreon apparently accepted the tender made at that time. However, both appellees argue that the fees were to be paid by November 28, 1985, notwithstanding that the judgment was not signed until December 3.

Conoco filed its motion to dismiss on December 4, 1985 alleging that appellants failed to comply with the order of sanctions by not paying fees and costs by November 28. On December 7, 1985, de Carreon also filed a motion to dismiss alleging the nonpayment of fees and costs.

The trial court granted the motions to dismiss on December 16, 1985, and dis-

missed the appellants' claims with prejudice, based upon the appellants' failure to comply with the discovery orders of the court.

Appellants filed a motion for new trial on January 15, 1986, alleging that they had tendered the court ordered fees to appellees on December 13, 1985 and had agreed with the appellees' attorneys to reschedule the depositions to December 19, 1985. Thus they argued that they had attempted to comply with the court's order for discovery.

In their first point of error appellants allege that the trial court erred in dismissing their suit without making a finding of bad faith or willful disobedience on their part. They argue that dismissal as a sanction is permitted only if the evidence established that there was bad faith or a willful disobedience of the court's orders or the discovery process.

■ TEX.R.CIV.P. 215(2)(b) provides:
If a party ... fails to ... obey an order to provide or permit discovery, including an order made under paragraph 1 of this rule ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just and among others the following:

> (5) An order ... dismissing with or without prejudice the action or proceedings or any part thereof.

Thus rule 215 permits the trial court wide discretion in determining the appropriate sanctions. *Firestone Photographs, Inc. v. Lamaster,* 567 S.W.2d 273 (Tex.Civ.App.—Texarkana 1978, no writ). The standard for review on appeal is whether the trial court abused its discretion, and the sanctions imposed will not be set aside absent a showing of an abuse of that discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985).

■ As noted, no statement of facts accompanies the record in this appeal. The transcript reveals only that the trial court ordered that appellants pay appellees' attorneys fees and costs by November 28, 1985, and that appellants appear for deposition on December 16, 1985. The trial court further ordered that a failure to comply would result in the dismissal of appellants' cause of action. After appellants failed to pay the sums as ordered, appellees sought a dismissal since the trial court had indicated that it would dismiss. The appellees' motions to dismiss were based on the appellants' failure to timely pay the ordered sums. Appellees also alleged that appellants' failure to comply was a blatant and wanton disregard of the court's orders. The motions were granted and the suit dismissed. Absent evidence to the contrary we presume the trial court dismissed the suit on the grounds urged by the appellees, and that the dismissal included a finding of an intentional noncompliance as urged in the motions to dismiss.

The court clearly had the authority to order the payment of appellees' attorneys fees and costs incurred in obtaining the order. TEX.R.CIV.P. 215(1)(d). It also had the authority to dismiss the suit for appellants' failure to comply with the order to pay the attorney's fees and costs. TEX.R.CIV.P. 215(2)(b)(5). *See also Bosnich v. National Cellulose Corp.,* 676 S.W.2d 446 (Tex.App.—Houston [1st Dist.] 1984, no writ). No evidence that the trial court acted arbitrarily or unreasonably is presented. Thus there is no showing of abuse of discretion, and we may not conclude that the trial court abused its discretion in dismissing appellants' action. Point of error one is overruled.

In point of error two appellants complain that their actions did not merit a dismissal of their suit. They argue that although they did not "comply verbatim" with the trial court's order, they "did evidence their appreciation for the order" by tendering the fees on December 13 and by rescheduling the depositions.

Absent a statement of facts or findings of facts and conclusions of law we are unable to say that appellants' discovery abuse did not merit a dismissal. Thus we presume that the trial court found every fact necessary in support of its judgment.

*Chan v. An-Loc Restaurant, Inc.,* 641 S.W.2d 617 (Tex.App.—Houston [14th Dist.] 1982, no writ). Furthermore, the question on appeal is not whether the severity of the discovery abuse merits the sanctions imposed, but whether the trial court abused its discretion in imposing the sanctions. As discussed above we have been directed to no such abuse. Point of error two is overruled.

Finally, in point of error three, appellants allege that the trial court erred in dismissing their action because "they had no notice of certain matters which the trial court considered in granting the [appellees'] motions." They argue that although the appellees' motions to dismiss allege only the failure to pay the ordered fees and costs as the basis for dismissal, the trial court indicated that appellants failure to appear on December 16 for depositions was a factor considered in imposing the sanctions.

No such evidence appears in the record. Rather, as discussed *supra,* the order of dismissal grants the appellees' motions which were predicated only on the failure to pay. Appellants have failed to preserve for review any claim relating to the character of evidence the trial court may have considered in imposing its sanctions. Point of error three is overruled.

The judgment of the trial court dismissing appellants' claims is affirmed.