Robert W. COX, Sr. and Aetna Casualty & Surety Company, Appellants,

v.

REALTY DEVELOPMENT CORPORATION, et al., Appellees.

No. 05–87–00110–CV.

Court of Appeals of Texas, Dallas.

March 14, 1988.

Richard H. Elliott, Dallas, for appellants.

Phillip W. Gilbert, Dallas, for appellees.

Before ENOCH, C.J., and HOWELL and HECHT, JJ.

HOWELL, Justice.

Appellants Robert W. Cox and Aetna Casualty and Surety Company appeal a final order of dismissal. The trial court ordered dismissal for discovery violations, specifically, Cox's failure to attend a scheduled deposition. Both appellants appeal their dismissal asserting that such a severe sanction was not justified for failure to attend a deposition, and was therefore an abuse of discretion. Both appellants complain of the lack of notice of the sanctions hearing where dismissal was pronounced. Finally, appellant Aetna urges that the dismissal as to it was an abuse of discretion as there was no showing that Aetna's conduct merited any sanctions at all. We agree that Aetna's claim should not have been dismissed and remand the cause for a trial on the merits. We affirm the Cox dismissal.

Appellant Robert W. Cox, Sr., sued appellees Realty Development Corporation (RDC) and Willow Creek, Ltd., for damages suffered in a fire at the Willow Creek apartments. Appellant Aetna intervened claiming subrogation to the rights of Cox to the extent that it had paid an insurance claim of its insured, appellant Cox. The litigation was bifurcated. In the liability phase of the trial, the jury found that RDC was negligent and attributed 100% of the comparative fault to RDC and Willow Creek, Ltd. Pending the subsequent trial on damages, Cox failed to appear for a scheduled deposition and the trial court, acting in response to RDC's pleading entitled "Motion for Sanctions (Second)" and on authority of Rule 215(2)(b) of the Texas Rules of Civil Procedure, entered the dismissal order now before us.

In their first point of error, appellants claim that the trial court abused its discretion in employing the most severe discovery sanction available for the "mere" failure of appellant Cox to attend a deposition. However, appellants have not filed a statement of facts indicating what transpired at the hearing on RDC's motion for sanctions where the dismissal was ordered. Having nothing before us, we must presume that any action taken below was adequately supported by the evidence heard. In *Gonzales v. Conoco, Inc.*, 722 S.W.2d 247 (Tex.App.—San Antonio 1986, no writ) the court found that

[n]o evidence that the trial court acted arbitrarily or unreasonably is presented. Thus there is no showing of abuse of discretion, and we may not conclude that the trial court abused its discretion in dismissing appellants' action.

*Id.* at 249. Similarly, appellants have not shown this Court that dismissal of the action, as a sanction for noncompliance, was an abuse of discretion.

In their second point of error, appellants complain of the lack of notice of the hearing on the motion for sanctions. The motion was hand-delivered to the office of appellants' counsel on October 17 and set for hearing on Monday, October 20—the date that trial was expected to commence. Assuming arguendo that the notice was inadequate, we note that counsel for appellants appeared at the hearing and unsuccessfully defended the motion. Appellants did not at that time object to the allegedly inadequate notice of the hearing. The first lack-of-notice objection was contained in a motion for new trial filed after dismissal of the suit. Such objection came too late. Any failure by RDC to comply with the rules of notice and service was waived when appellants appeared and participated in the hearing without objection. *Hill v. W.E. Brittain, Inc.*, 405 S.W.2d 803, 807 (Tex.Civ.App.—Fort Worth 1966, no writ). Appellants' second point is overruled.

In the third point, Aetna urges that its claim was erroneously dismissed because Aetna had fully complied with the discovery request. Indeed, the trial court's

order of dismissal recited that the motion for sanctions was brought "with regard to the claim of Robert W. Cox, Sr." RDC's motion for sanctions did not request the imposition of sanctions on Aetna. As Aetna never abused the discovery process, the trial court had no basis for dismissal of Aetna's claim.

RDC argues that the motion for sanctions also re-urged a prior motion for judgment notwithstanding the verdict, and that the dismissal order containing boiler-plate recitals denying all relief not specifically granted by the court effectively granted a judgment NOV against Aetna. We cannot agree. The order was predicated solely on discovery sanctions and the trial court's catch-all language related only to the party against whom sanctions were sought, *i.e.*, appellant Cox.

■ The dismissal of Cox's claim against RDC did not sound the death knell for Aetna's claim based on subrogation. When Aetna paid a part of Cox's loss, it became a *pro tanto* owner of Cox's cause of action. *Campbell v. Jefferson*, 453 S.W.2d 336, 338 (Tex.Civ.App.—Tyler 1970, writ dism'd). RDC's argument that Aetna's cause of action was wholly derivative is not well taken. The discovery abuse complained of occurred after Aetna, through payment and subrogation, became the owner and holder of a part of the Cox claim and after RDC was on notice of such fact. Furthermore, the dismissal order was a discovery sanction—punishment, in short. Aetna did nothing to merit this punishment by the trial court.

For the foregoing reasons, we affirm as to appellant Cox. As to appellant Aetna, we reverse and remand the cause for a trial on the merits.