William **PHENNEL** and Twin City Fire Insurance Company, Appellant,

v.

Robbie J. **ROACH**, Appellee.

No. 05–89–00762–CV.

Court of Appeals of Texas, Dallas.

March 21, 1990.

Henry Stollenwerck, Dallas, for appellant.

Stephen W. Johnson, Martha L. Strother, Lorin M. Subar, Dallas, for appellee.

Before HOWELL, BAKER and BURNETT, JJ.

## OPINION ON MOTION FOR REHEARING

BURNETT, Justice.

The February 21, 1990 opinion of this Court is withdrawn, and the following is now the opinion of this Court. The motion for rehearing of appellants, William Phennel and Twin City Fire Insurance Company, is overruled.

William Ray Phennel and Twin City Fire Insurance Company (Twin City) appeal a take nothing judgment entered by the trial court as sanctions for Phennel's failure to timely respond to discovery requests from Robbie J. Roach. In three points of error, appellants contend that: (1) the trial court abused its discretion by striking Phennel's pleadings and ordering a take nothing judgment; (2) the trial court erred in entering a take nothing judgment against Twin City; and (3) the trial court erred in entering a take nothing judgment because there was no evidence of any misconduct by

Phennel. We disagree and affirm the trial court's judgment.

Phennel filed a suit on August 25, 1987, for personal injuries and damages sustained in an automobile accident with Roach. Twin City, which paid workers' compensation benefits to Phennel, intervened and claimed a right of subrogation to Phennel's cause of action against Roach. Roach served a set of interrogatories and a request for production on Phennel's prior counsel, on May 12, 1988. Prior counsel subsequently withdrew from representing Phennel on September 14, 1988. At the time of said withdrawal, Phennel had not responded to the discovery requests. In November 1988, Roach served a set of interrogatories and a request for production on Phennel identical to the discovery requests previously served on prior counsel. On January 27, 1989, Phennel obtained new counsel.

On March 28, 1989, Roach filed a motion for sanctions alleging that his discovery requests had not been answered. Phennel served responses to the discovery requests on Roach the following day. At the sanctions hearing, Roach's counsel stated that Phennel's responses to the interrogatories were not verified and only half-answered. Roach also stated that Phennel's responses to the request for production were "thin." The trial court, in granting Roach's motion for sanctions, struck Phennel's pleadings and entered a judgment that Phennel and Twin City take nothing from Roach.

In their first point of error, appellants contend that the trial court abused its discretion by striking pleadings and entering a take nothing judgment as a result of Phennel's failure to timely answer Roach's discovery requests. To establish an abuse of discretion by the trial court, it must be shown the trial court "acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). *Downer* also states the test for an abuse of discretion as whether the trial court's act was "arbitrary or unreasonable." *Id.* at 242.

■ A trial court has broad discretion in imposing sanctions on a party abusing the discovery process. *Gonzales v. Conoco, Inc.,* 722 S.W.2d 247, 249 (Tex.App.—San Antonio 1986, no writ). Texas Rules of Civil Procedure 215(2)(b)(5) provides that if a party fails to comply with proper discovery requests, the trial court may make such orders in regard to the failure as are just, including an order striking out pleadings. TEX.R.CIV.P. 215(2)(b)(5). The trial court abuses its discretion if the sanction imposed does not further one of the purposes that the discovery sanctions were intended to further. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986). The purposes of discovery sanctions are to:

(1) secure the parties' compliance with the rules of discovery;

(2) deter other litigants from violating the discovery rules; and

(3) punish parties that violate the rules of discovery.

*Id.* (citations omitted).

■ Appellants contend that the sanctions imposed were not "just" because appellant was without representation by counsel for over four months. We cannot, however, make any allowance for the fact that appellant was without counsel in reviewing the trial court's imposition of the sanctions. We must treat each case as if the acts of a party occurred with benefit of counsel. *Stein v. Lewisville Ind. School Dist.,* 481 S.W.2d 436, 439 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.), *cert. denied,* 414 U.S. 948, 94 S.Ct. 272, 38 L.Ed.2d 203 (1973); *Bailey v. Rogers,* 631 S.W.2d 784, 786–87 (Tex.App.—Austin 1982, no writ).

■ In any event, Phennel failed to respond to Roach's discovery requests for over ten months. Of these ten months, Phennel was represented by counsel for approximately six months.

We hold that the trial court did not abuse its discretion in striking Phennel's pleadings and entering a take nothing judgment. The trial court's action, while serving as a deterrent to other litigants from abusing discovery rules, did not punish Phennel in-

appropriately. We overrule appellants' first point of error.

In their second point of error, appellants contend that the trial court erred in entering a take nothing judgment against Twin City. Appellants assert that Twin City's cause of action should not be dismissed merely because the trial court dismissed Phennel's cause of action.

■ Twin City intervened in Phennel's action against Roach and claimed a right of subrogation to Phennel's cause of action to the extent of the workers' compensation benefits Twin City had advanced Phennel. A compensation carrier's right to subrogation is governed by Texas Civil Statutes Annotated article 8307, section 6a, which provides:

> If compensation be claimed under this law by the injured employee ... then the [compensation carrier] shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee ... the liability of the [third party].

TEX.CIV.STAT.ANN. art. 8307, § 6a(a) (Vernon Supp.1989).

■ A claim to recover compensation is a derivative cause of action under article 8307, section 6a, "depending upon a recovery by the injured employee of damages growing out of personal injuries sustained as a result of the act or omission of a third party." *Yeary v. Hinojosa*, 307 S.W.2d 325, 332 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.); *City of Houston v. Twin City Fire Ins. Co.*, 578 S.W.2d 806, 808 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). There is but one cause of action against the third party tortfeasor—that of the employee, who owns it burdened by the right of the insurance carrier to recoup itself for compensation paid. *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 154, 246 S.W.2d 865, 868 (1952); *Evans v. Venglar*, 429 S.W.2d 673, 675 (Tex.Civ.App.—Corpus Christi 1968, no writ). Thus, because Phennel's pleadings were struck, resulting in a take nothing judgment, Twin City's cause of action against Roach must also be defeated. *See City of Houston*, 578 S.W.2d

at 808; *Evans*, 429 S.W.2d at 675. We overrule appellants' second point of error.

■ In their third point, appellants contend that the trial court erred in imposing sanctions because there was no proof of any misconduct by Phennel. The record of the sanctions hearing clearly reflects that it was undisputed that Phennel failed to respond to Roach's discovery requests for over ten months.

Also, Phennel offered no objections to the discovery requests. The burden at the hearing rests on the party resisting discovery to establish its privilege, immunity or other objections to the discovery request. *See McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d 72, 75 (Tex.1989). Thus, Phennel did not respond for over ten months nor did he object to the discovery request. We overrule appellants' third point of error.

We affirm the trial court's judgment.

HOWELL, Justice, dissenting.

I dissent. This case, insofar as Carrier is concerned, is controlled by *Cox v. Realty Development Corp.*, 748 S.W.2d 492 (Tex.App.—Dallas 1988, no writ). The majority has not distinguished *Cox*, which is directly on point, and which holds that sanctions imposed for discovery abuse by one party cannot be imposed against another party committing no discovery abuse. Furthermore, the trial court abused its discretion in dismissing Worker's suit on the basis of his original attorney's omission. The entire case should be reversed and remanded.

### CARRIER'S CAUSE OF ACTION

The issue has already been decided previously by this court. *Cox* held that once an insurance carrier has paid a claim and as a result is subrogated to the rights of its insured against a third party, the carrier becomes a *pro tanto* owner of the insured's cause of action. Therefore, we held that it was an abuse of discretion for the trial court to dismiss the carrier's cause of action because of the insured's discovery violations. *Cox*, 748 S.W.2d at 494. A trial court cannot dismiss a party's case without

sanctionable misconduct on the part of that party. *Id.*

It is to be noted that the majority has cited only worker's compensation cases in support of its ruling against Carrier—no discovery/sanction cases. Possibly, the majority has some notion that Carrier's case is subject to a different rule because its subrogation rights are regulated by the Worker's Compensation Act. Any such holding would be a distinction without a difference.

Just as provided by decisions under the Act, including our majority's citations, it is a well recognized principle of decisional law that a subrogee possesses but a derivative cause of action. *See Fox v. Kroeger,* 119 Tex. 511, 517, 35 S.W.2d 679, 681 (1931) (subrogee "stands in the shoes" of his subrogor). A subrogee can rise no higher than his source: he can assert no right greater than his subrogor; *Platte v. Securities Inv. Co.,* 55 S.W.2d 551, 553 (Tex.Comm'n App.1932, judgm't adopted); *Anchor Casualty Co. v. Robertson Transport Co.,* 389 S.W.2d 135, 139 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.); he is subject to all defenses that could have been asserted against his subrogor, *Platte,* 55 S.W.2d at 553; *see Hicks v. Wright,* 564 S.W.2d 785, 797–98 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

Likewise, it is also a well established principle of the general law that a partial assignment or partial subrogation of a claim does not create a separate and independent cause of action. *Traders & General Ins. Co. v. Richardson,* 387 S.W.2d 478, 479 (Tex.Civ.App.—Beaumont 1965, writ ref'd) (insurer paid insured for property damage; insured sued third-party tortfeasor for personal injuries, but settled, and agreed judgment was entered; payment of money by insurer did not split insurer's cause of action; thus, judgment in insured's suit was a bar in insurer's suit against third-party). Again, that principle has no application to the problem before us: May a trial court dismiss the action of a separately represented subrogee worker's compensation insurance carrier on account of the failure of the worker and his

attorney, if any, to properly respond to discovery? *Cox* requires a negative answer.

As a matter of fact, the inevitable conclusion to be reached from the majority's reasoning is that, following the dismissal of Worker's action, our trial court had no power except to dismiss Carrier's action. Our majority necessarily holds that a carrier's cause of action automatically perishes when a worker's cause of action perishes—that our trial court was possessed of no other possible recourse after dismissing Worker's action. Such conclusion is not in harmony with the Act; rather, it is out of harmony with the provision of the Act allowing Carrier to independently bring suit in the name of Worker to protect its subrogation rights. TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1989). It is clear from the statute that had Worker failed or refused to institute suit, Carrier could have done so. Is a carrier in any less position when the worker does bring suit and the carrier intervenes? There is no reason to so hold. Assume for a moment that having filed suit, and Carrier having intervened, as did happen here, Worker's attorney concluded that he could more profitably expend his time on other matters than upon the response to third party defendant's discovery, as perhaps he did. Assume however, that instead of withdrawing, counsel non-suited Worker's action. If our majority be correct, the only logical conclusion would be that the same fate must befall Carrier's subrogation action; it also had to be non-suited. However, any such result would fly in the face of the statutory provision expressly allowing Carrier to independently prosecute an action in Worker's name. Likewise any ruling that a carrier's action for subrogation is necessarily and automatically forfeited whenever a worker's action is dismissed as a discovery sanction, also flies in the face of the statutory provision allowing a carrier to proceed independently when the worker fails or refuses to do so.

On analysis, such is exactly what happened in the case at hand. Through his original attorney, Worker timely filed his lawsuit. However, Worker, through his

original attorney, failed to prosecute his lawsuit with reasonable diligence. Such a holding by the trial court was the essence of the dismissal order. The statute expressly protects Carrier from any omission of Worker in failing to diligently bring suit. By implication, it protects Carrier from any omission of Worker in failing to diligently prosecute the action.

However, the foregoing discussion really misses the mark. The ultimate ground for refusing to sanction the dismissal of Carrier's action is the fact that we are dealing with *punishment*. It is fundamental, almost trite, to point out that punishment is for the guilty, not the innocent. The trial Court found no sanctionable conduct on behalf of Carrier. Without a basis for punishment, it was without authority to punish. *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986) (trial court abused its discretion when it made party liable for discovery expenses caused by misconduct of another). The rules relating to discovery sanctions must be flexible; the trial courts must be free to apply the proper sanctions where they are merited. On the other hand, the law relating to sanctions must be free from the type of mechanical approach manifested by our majority where the shortcomings of one litigant are attributed to another. Every party to litigation who engages in discovery violations must be held fully answerable for his own misconduct but never for the misconduct of others where he bears no fault. The sanctions against Carrier must be reversed.

## WORKER'S CAUSE OF ACTION

Furthermore, insofar as Worker is concerned, the trial court imposed the maximum penalty, dismissal with prejudice, without an adequate showing of fault. In doing so, it abused its discretion.

A trial court abuses its discretion if the sanction it imposes does not further one of the purposes that discovery sanctions were intended to further. *Bodnow*, 721 S.W.2d at 840. The sanctions must be "just." TEX.R.CIV.P. 215(2)(b); *Bodnow*, at 840; *Ray v. Beene*, 721 S.W.2d 876, 879 (Tex.

App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). It cannot be argued that any legitimate objective was served by imposing the severest of all sanctions in this case, and for such reason, the dismissal of Worker's cause must be reversed.

The reason why the sanctions against Worker must also fall is similar to the reason why the sanctions against Carrier must fall. To the farthest extent possible, sanctions must be imposed against the *actual* offender. *See Bodnow*, 721 S.W.2d at 840 (Making a party liable for discovery expenses that are caused by *another party's* misconduct does not further any of the purposes that discovery sanctions were intended to further.). No other approach will meet the only legitimate goal of sanctions, to punish offenders and to secure compliance with the discovery rules. *See Id.*

The principal offender in this case was Worker's original attorney who failed for an extended time to respond to the third party defendant's discovery and who, rather than do so, finally chose to withdraw thereby precipitating further delay while worker searched for substitute counsel. However, it is too late to punish the withdrawing attorney through dismissal of the case. By withdrawing, he had already, in effect dismissed himself from the case. By doing so, he had already imposed upon himself a sanction. He thereby deprived himself of any right to be compensated for the time that he had already spent in the prosecution of the action. In making this statement, it is to be judicially noticed that almost all worker's compensation claims are prosecuted on a contingent fee basis. However, even a time-and-effort-fee attorney, by withdrawing, forfeits the right to earn additional compensation, and often leaves behind a dissatisfied client who will neither patronize nor recommend him in the future.

Our trial court, being impotent to punish or further punish the real offender, the withdrawing attorney, has proceeded to punish a party who had little or no culpability, the client himself. In making this statement, the writer readily concedes that it is commonplace for the courts to punish

clients for the shortcomings of the attorney. Countless times, the courts have held that the client has forfeited (the euphemism of "waiver" is generally employed) the right to complain because his lawyer, certified by his government to be competent, has failed to present a timely and proper objection. However, we must be ever mindful that clients are punished for the shortcomings of lawyers *out of necessity.* Our courts have thus far failed to devise a means to secure diligence and competency or to maintain an orderly procedure, without visiting the shortcomings of lawyers onto hapless clients.

Inasmuch as the rule is rooted in necessity, *it must be limited by necessity.* What was the necessity of assessing punishment against our worker for the shortcomings of a lawyer who had already forfeited his interest in the case? Had some great and demonstratable imposition upon the third party defendant been shown, necessity would have required the ultimate sanction of dismissal. However, the record only reflects the frustrations and delay that are commonplace to litigation. Under these circumstances, it was an abuse of discretion to impose the ultimate sanction upon a client who was left to fend for himself by an attorney who chose to go on to other (and presumably more remunerative) endeavors.

Our majority's authorities of *Stein* and *Bailey* have no application because the litigants in those cases chose to represent themselves. *See Stein,* 481 S.W.2d at 439; *Bailey,* 631 S.W.2d at 786–87. Worker did not *choose* to represent himself. Rather, Worker's attorney withdrew; it was several months before Worker was able to secure the services of another attorney, possibly because there was a "right of first money" claim against any judgment or settlement that Worker might receive. Worker's substitute attorney may not have been as diligent as he should have been, but he had reason to believe that the interrogatories had been answered, he appeared at the hearing, he presented a partial response, and he made an offer to obtain the other answers within a reasonable time.

In *Bodnow,* the Supreme Court held that the trial court had abused its discretion by "[m]aking a party liable for discovery expenses that [were] caused [solely] by another party's misconduct...." *Bodnow,* 721 S.W.2d at 840. The Court declared that such action "does not further any of the purposes that discovery sanctions were intended to further," and that the sanctions were therefore an abuse of discretion. *Id.* The identical reasoning is here applicable. That reasoning requires that Worker's cause of action also be reversed.

I therefore dissent. Both the dismissal of Carrier's case and the dismissal of Worker's case must be reversed. This action must be remanded to the trial court for further proceedings.