babcock.3 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-112-CV





JAMES SMITH AND WIFE, SHIRLEY ANNE SMITH, AND 


LUMBERMENS MUTUAL CASUALTY COMPANY,



 APPELLANTS


vs.





BABCOCK & WILCOX CONSTRUCTION COMPANY, INC.,


AND THE CITY OF AUSTIN,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 481,630, HONORABLE PETE LOWRY, JUDGE PRESIDING 



 





 Appellants James Smith and Shirley Anne Smith and Lumbermens Mutual Casualty
Company ("Intervenor" or "Lumbermens") appeal from an order dismissing their cause of action
against appellees Babcock & Wilcox Construction Company ("Babcock") and the City of Austin. 
Appellants further appeal the order denying their motions to reinstate the case. We will affirm
both orders of the trial court.



BACKGROUND



 The City of Austin hired Babcock as its general contractor to perform and supervise
certain improvements to a power generation plant. Babcock subcontracted part of the work to J.
Graves Insulating Company, a company at which James Smith was employed. Smith allegedly
was injured while working on the project, and he and his wife filed suit against the City of Austin
and Babcock for damages related to his injuries. Lumbermens, the workers' compensation carrier
for J. Graves, intervened in the cause to enforce its subrogation claim for benefits it previously
had paid to Smith.

 The record indicates that on or before June 15, 1992, Jeff Badders, the Smiths'
attorney, requested that this matter be set for trial on the merits in Travis County on November
2, 1992. By letter dated August 10, 1992, to the Freestone County District Clerk, Badders
requested that another case, Shirley Alexander v. National Union Fire Insurance Company of
Pittsburgh, No. 91-306-A (87th Dist. Ct., Freestone County, Tex.) [hereinafter "the Alexander
case"], also be set for trial on November 2, 1992, in Freestone County. On October 21, 1992,
Badders filed an unverified motion for continuance in the instant cause, alleging that the Alexander
case was preferentially set and was an older workers' compensation matter. On October 23,
Judge Paul Davis conducted a hearing by teleconference on the Smiths' motion and denied the
continuance. The record contains no statement of facts from this telephone conference. Four days
later, Badders wrote a letter to the trial court stating that he understood from the teleconference
that although the court was overruling his motion for continuance, Judge Davis would not require
him to come to Travis County for trial on November 2 if, in fact, he was called to trial in the
Alexander case. In the letter, Badders again referred to the Alexander case as a priority setting. 
On October 28, Judge Davis signed the order denying the motion for continuance. Badders never
sought a continuance in the Alexander case.

 On November 2, Badders went to trial in Freestone County in the Alexander case
and did not appear in Travis County. Counsel for Lumbermens appeared in the instant cause and
re-urged the Smiths' motion for continuance. Counsel for Babcock and the City of Austin filed
a motion to dismiss for want of prosecution based upon the failure of the Smiths or Badders to
appear. See Tex. R. Civ. P. 165a. Judge Pete Lowry, who was presiding, declined further
continuance and dismissed the cause for want of prosecution.

 Appellants filed motions to reinstate the case and Judge Davis held a hearing on
the motions on December 21, 1992. At the hearing, Badders argued that he understood section
23.101 of the Texas Government Code to give preference to workers' compensation cases and,
thus, he assumed the Alexander case was entitled to priority as a matter of law over the instant
case. (1) Counsel for Babcock and the City of Austin responded that section 23.101 merely applies
to a court's internal ordering of its cases, and not to an ordering of cases among the various
courts. Badders further argued that he had understood the judge's ruling on the motion for
continuance to mean that Badders could proceed preferentially on the Alexander case, but that if
that case did not proceed to trial, Badders' presence would be required in Travis County on
November 2. (2) Badders admitted that, in fact, the Alexander case was not an older case and was
not set preferentially, but argued he was mistaken when he misrepresented this to the court. 
When Judge Davis asked Badders why he had not attempted to have the Alexander case
rescheduled, Badders stated it was because he thought it was entitled to priority. After hearing
the arguments of counsel and the evidence presented, Judge Davis denied the motions.



STANDARD OF REVIEW


 In reviewing a dismissal for want of prosecution or the overruling of a motion to
reinstate under Rule 165a, an appellate court applies the abuse-of-discretion standard to the trial
court's actions. Goff v. Branch, 821 S.W.2d 732, 733 (Tex. App.--San Antonio 1991, writ
denied); Melton v. Ryander, 727 S.W.2d 299, 301 (Tex. App.--Dallas 1987, writ ref'd n.r.e.); 
Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730, 733 (Tex. App.--Dallas 1985, no writ); 
Wyatt v. Texas Oklahoma Exp., Inc., 693 S.W.2d 731, 732 (Tex. App.--Dallas 1985, no writ). 
In reviewing whether a trial court has abused its discretion, the key question is whether the trial
court acted without reference to any guiding rules and principles, or in an arbitrary or
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986). "The mere fact that a trial court may decide a matter
within its discretionary authority differently from what a reviewing court would decide in similar
circumstances does not demonstrate that an abuse of discretion has occurred." Id. (citing
Southwestern Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965); Jones v. Strayhorn,
321 S.W.2d 290, 295 (Tex. 1959)).



DISCUSSION


 In their first point of error, appellants argue that the trial court erred when it
refused to reinstate the case because Badders' failure to appear was not "intentional or the result
of conscious indifference" under Rule 165a of the Texas Rules of Civil Procedure. Tex. R. Civ.
P. 165a. Rule 165a states in relevant part:



1. Failure to Appear. A case may be dismissed for want of prosecution on
failure of any party seeking affirmative relief to appear for any hearing or trial
of which the party had notice . . . .


* * *



3. Reinstatement. A motion to reinstate shall set forth the grounds therefor and
be verified by the movant or his attorney . . . . The court shall reinstate the
case upon finding after a hearing that the failure of the party or his attorney
was not intentional or the result of conscious indifference but was due to an
accident or mistake or that the failure has been otherwise reasonably explained
. . . .


Id. (emphasis added). 

 Appellants argue that Badders' failure to appear for trial in Travis County on
November 2 was not intentional or the result of conscious indifference because he understood that
Judge Davis had given him permission to proceed with the Alexander trial and because Badders
believed that the Alexander case was entitled to priority under section 23.101 of the Texas
Government Code. Badders argues his absence was the result of these factual and legal
"mistakes" and that the trial court should have reinstated the case under Rule 165a. We disagree.

 Badders filed a motion for continuance twelve days before trial, and Judge Davis
overruled it. Despite this ruling, Badders did not appear for trial, but rather had counsel for
Lumbermens attend trial and re-urge an overruled motion on his behalf. Badders never attempted
to reschedule the Alexander case. Finally, Badders admitted he had misrepresented to the court
in an unverified motion that the Alexander case was an older and preferentially set case. 

 We conclude the trial court did not abuse its discretion in refusing to reinstate the
case. The trial court reasonably could have believed that Badders' actions in the case, culminating
in his absence from court on November 2, were not the result of an "accident" or "mistake." 
Appellants cite two cases as examples of "mistakes" requiring the reinstatement of a case under
Rule 165a; however, we find these cases to be distinguishable from the instant cause. See Quita,
Inc. v. Haney, 810 S.W.2d 469, 470 (Tex. App.--Eastland 1991, no writ) (attorney mistaken as
to date of trial); Mandujano v. Olivia, 755 S.W.2d 512, 514 (Tex. App.--San Antonio 1988, writ
denied) (attorney appeared in wrong courtroom). Accordingly, we overrule appellants' first point
of error.

 In their second point of error, appellants complain that their case should not have
been dismissed "with prejudice." As a general rule, "[w]hen a case is dismissed for want of
prosecution, it is error for the trial court to dismiss the case with prejudice." Melton, 727 S.W.2d
at 303 (citations omitted); Andrews v. ABJ Adjusters, Inc., 800 S.W.2d 567, 568 (Tex.
App.--Houston [14th Dist.] 1990, writ denied). However, although appellants filed a motion to
reinstate, they did not present this complaint to the trial court as required. Torres v. Rios, 869
S.W.2d 555, 556 (Tex. App.--Corpus Christi 1993, n.w.h.); McCain v. NME Hospitals, Inc., 856
S.W.2d 751, 755 (Tex. App.--Dallas 1993, no writ); Andrews, 800 S.W.2d at 568-69. 
Accordingly, we overrule appellants' second point of error. (3) 

 In their third and fourth points of error, appellants argue the trial court erred in
dismissing and refusing to reinstate the case because Lumbermens' appearance at trial was
sufficient to preclude dismissal under Rule 165a. Appellants further argue that because section
6a(a) of the Texas Workers' Compensation Act granted insurance carriers the right to enforce an
injured party's right to recovery, the trial court abused its discretion when it refused to reinstate
Lumbermens' cause of action. See Texas Workers' Compensation Act, 69th Leg., R.S., ch. 326,
§ 1, 1985 Tex. Gen. Laws 1387 (Tex. Rev. Civ. Stat. Ann. § 6a(a), since repealed). 

 Appellants first complain that Lumbermens' presence at trial was sufficient to
preclude a Rule 165a dismissal. Appellants argue that a court abuses its discretion by dismissing
a party's claim under Rule 165a when that party actually appears, citing Goff v. Branch, 821
S.W.2d 732, 733 (Tex. App.--San Antonio 1991, writ denied). The Goff case does not support
appellants' argument. In fact, the Goff court upheld the trial court's dismissal order, applying the
presumptions in favor of the dismissal order, because the court did not have before it a statement
of facts or any findings of fact from the dismissal hearing. Instead, the appellate court held the
trial court abused its discretion when it refused to reinstate a case dismissed for "failure to
appear" under Rule 165a. The court found that, contrary to the judge's findings in the dismissal
order that plaintiffs failed to appear at the dismissal hearing, plaintiffs and their counsel were
present at the hearing and announced ready to proceed with trial. Thus, the court held it was an
abuse of discretion not to reinstate the case, because there was no "failure to appear" under Rule
165a. Id. at 735. Furthermore, the Goff case is factually distinguishable from the instant case,
in which there is no dispute that the plaintiffs and their counsel failed to appear at trial on
November 2. Rule 165a states that "[a] case may be dismissed . . . on failure of any party
seeking affirmative relief to appear for any hearing or trial . . . ." Tex. R. Civ. P. 165a
(emphasis added). We conclude the trial court did not abuse its discretion in dismissing the
instant case based on the Smiths' and Badders' failure to appear at trial.

 Appellants argue further that because the Act gives insurance carriers the right to
bring an independent cause of action to enforce the plaintiff's recovery, the trial court erred in
dismissing and refusing to reinstate Lumbermens' independent cause of action against Babcock. (4) 
Without deciding whether Lumbermens' intervention in the instant cause constitutes an
independent cause of action, we conclude that appellants' contentions must fail. We have already
decided that the trial court did not abuse its discretion in dismissing and refusing to reinstate the
Smiths' cause of action against Babcock. Further, we have concluded that the Smiths waived any
right to complain that the dismissal of their cause was with prejudice. Therefore, the Smiths no
longer have an actionable claim against Babcock. It follows that Lumbermens' claim must fail,
as well.

 "Generally, rights conferred by subrogation are entirely derivative of the subrogor's
interests, to which the subrogee merely succeeds." Guillot v. Hix, 838 S.W.2d 230, 232 (Tex.
1992). Thus, "[a] claim to recover compensation is a derivative cause of action under article
8307, section 6a, `depending upon a recovery by the injured employee of damages growing out
of personal injuries sustained as a result of the act or omission of a third party.'" Phennel v.
Roach, 789 S.W.2d 612, 615 (Tex. App.--Dallas 1990, writ denied) (quoting Yeary v. Hinojosa,
307 S.W.2d 325, 332 (Tex. Civ. App.--Houston 1957, writ ref'd n.r.e.) and City of Houston v.
Twin City Fire Ins. Co., 578 S.W.2d 806, 808 (Tex. Civ. App.--Houston [1st Dist.] 1979, writ
ref'd n.r.e.)). The Texas Supreme Court has stated, "Because a subrogation action is derivative,
the defendant in such an action may ordinarily assert any defense he would have had in a suit by
the subrogor . . . [and] this rule also applies in subrogation actions under the Workers'
Compensation Act." Guillot, 838 S.W.2d at 230 (citing Phennel, 789 S.W.2d at 615 (carrier's
action defeated where employee's pleadings were struck as discovery sanction); Twin City, 578
S.W.2d at 808 (employee's failure to comply with notice requirement for claim against city was
fatal to insurer's subrogation suit against city); Warneke v. Argonaut Ins. Co., 407 S.W.2d 834,
837 (Tex. Civ. App.--El Paso 1966, writ ref'd n.r.e.) (employee's release of tortfeasor barred
action by carrier)). Thus, when the plaintiff's cause of action is defeated, the insurance carrier's
cause of action is also defeated. Phennel, 789 S.W.2d at 615; Twin City, 578 S.W.2d at 808; but
cf. Macarangal v. Andrews, 838 S.W.2d 632 (Tex. App.--Dallas 1992, no writ) (trial court's order
dismissing plaintiff's claim for want of prosecution, but not referring to intervenor's subrogation
claim, held not to have dismissed intervenor's claim; distinguishing Phennel based on ambiguity
of order in the Macarangal case); cf. Cox v. Realty Dev. Corp., 748 S.W.2d 492 (Tex.
App.--Dallas 1988, no writ) (trial court's order dismissing plaintiff's cause of action because of
discovery violations did not dispose of insurance carrier's subrogation claim). Because the Smiths
no longer have an actionable claim against Babcock, Lumbermens' claim cannot stand. Points of
error three and four are overruled.

 In their fifth and sixth points of error, appellants argue the trial court abused its
discretion in "sanctioning" them for Badders' misconduct, and in dismissing the case with
prejudice because to do so was an "excessive and unjust" sanction. 

 Appellants first argue the trial court erred in "sanctioning" them for Badders'
misconduct by dismissing their case with prejudice, citing Brown v. Howeth Investments, Inc., 820
S.W.2d 900 (Tex. App.--Houston [1st Dist.] 1991, writ denied) and Wyatt v. Texas Oklahoma
Express, 693 S.W.2d 731, 733 (Tex. App.--Dallas 1985, no writ). We have already concluded
that any argument based on the dismissal being "with prejudice" was not preserved for our
review. (5) Appellants further argue that a dismissal with prejudice is an excessive sanction under
the TransAmerican guidelines. TransAmerican Natural Gas v. Powell, 811 S.W.2d 913 (Tex.
1991). Again, appellants have waived this argument by raising it for the first time on appeal. 
Andrews, 800 S.W.2d at 568-69.

 We overrule appellants' fifth and sixth points of error. The judgment of the trial
court is affirmed. 



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 18, 1994

Do Not Publish Released for publication February 14, 1996. Tex. R. App. P. 90(h).

1.   Section 23.101 of the Texas Government Code states in relevant part:


(a) The trial courts of this state shall regularly and frequently set hearings
and trials of pending matters, giving preference to hearings and trials of
the following:




* * *



 (5) appeals of final rulings and decisions of the Texas Workers'
Compensation Commission . . .


* * *



(b) Insofar as practicable, the trial courts shall observe the preference
provided by Subsection (a) in ruling on, hearing, and trying the matters
pending before the courts.


Tex. Gov't Code Ann. § 23.101 (West 1988 & Supp. 1994).
2.   Appellants have not supplied us with any type of record of the hearing on the
motion for continuance, and thus we can give no weight to Badders' assertions regarding
the court's statements that he could proceed preferentially with the Alexander case.
3.   Even if appellants had properly preserved this point, we would not reverse the trial
court's judgment, but rather we would reform the judgment to strike the words "with
prejudice." See Melton, 727 S.W.2d at 303; Collins v. Flatte, 614 S.W.2d 580, 582 (Tex.
Civ. App.--Texarkana 1981, no writ).
4.   It is unclear whether in points of error three and four appellants attack the trial
court's dismissal and refusal to reinstate the entire case, or just what they perceive as
Lumbermens' separate cause of action. This confusion results from appellants' use of the
term "third-party action." Throughout their brief appellants seem to be referring to the
Smiths' cause of action against Babcock as the "third-party action." However, in their
first point of error, appellants argue the trial court erred when it refused to reinstate
"this case," while in their fourth point of error they argue the trial court abused its
discretion in refusing to reinstate "the third-party action." This indicates appellants are
using the term "third-party action" to refer only to Lumbermens' cause of action against
Babcock. Despite this confusion, we construe their arguments liberally to attack the
dismissal and refusal to reinstate as to both the Smiths' cause of action and Lumbermens'
allegedly independent cause of action. However, because we already addressed the
propriety of the court's refusal to reinstate the Smiths' cause of action in point of error
number one, we do not address it again here.
5.   Even if appellants had preserved this argument, we conclude the cases they cite are
distinguishable from the instant case. In Wyatt, the trial court dismissed and refused to
reinstate a case when plaintiff's counsel was twenty-five minutes late for the second day of
trial due to heavy traffic, and despite the fact the plaintiff was present at trial and ready to
proceed. Wyatt, 693 S.W.2d at 733. The appellate court held the trial court abused its
discretion in failing to reinstate the case, because although plaintiff's counsel was late for trial,
the plaintiff was present and ready to proceed when the case was dismissed. Id. These facts
are unlike those presented in the instant case, wherein neither plaintiffs nor their counsel
appeared for trial. Furthermore, the court specifically limited its holding to the facts of that
case. Id. The Brown case does not involve a dismissal for failure to appear under rule 165a,
but rather a dismissal based on the court's inherent power to dismiss a case for want of
prosecution, and therefore does not apply to the instant case. See Brown, 820 S.W.2d at 901.


 Again, appellants have waived this argument by raising it for the first time on appeal. 
Andrews, 800 S.W.2d at 568-69.

 We overrule appellants' fifth and sixth points of error. The judgment of the trial
court is affirmed. 



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 18, 1994

Do Not Publish Released for publication Febr