Opinion issued May 31, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO.
01-11-00234-CV

———————————

THE City of
Houston,
Appellant

V.

Enrique
Guzman AND Harris County, Appellees



 



 

On Appeal from the 165th District Court

Harris County, Texas



Trial Court Case No. 2008-62308

 



 

MEMORANDUM OPINION

          The City of Houston brings
this interlocutory appeal from the trial court’s order denying its plea to the
jurisdiction on the negligence claims of appellee, Enrique Guzman.[1]  In its sole issue, the City contends that because
Guzman chose to file suit against both the City and its employee,
Brent Foltz, regarding the same subject
matter, Guzman’s claims against
the City were barred by section
101.106(b) of the Texas Tort Claims Act.[2]  We affirm.

Background

          Guzman
filed suit against both the City and Foltz, alleging personal injuries when the
Houston Police Department patrol car driven by Sgt. Foltz ran into his
vehicle.  According to Guzman, Foltz, who
was driving the wrong way down a one‑way street at 1:30 a.m., ran a red
light and struck a citizen’s vehicle.  His
patrol car then rebounded from that collision and smashed into Harris County
Deputy Sheriff Guzman’s vehicle as it was stopped at a red light.  Guzman asserts that Foltz
was in the course and scope of his City employment and, as such, the City is
liable under the doctrines of negligent entrustment, negligent hiring, failure
to properly train, failure to properly supervise, and respondeat
superior.  Foltz, who was
never served and never appeared in this case, was later removed as a defendant
by Guzman.  

Guzman’s employer, Harris
County, filed an original petition in intervention for subrogated interests, seeking to collect for the benefits it had
provided Guzman and expenses it had incurred as a self-insured worker’s
compensation provider and any related damages to which Guzman was entitled to
under the law, plus any property damage losses or loss of revenue sustained by
the County.  Guzman subsequently filed
his second amended petition, naming only the City as a defendant.

The City’s subsequent plea
to the jurisdiction contended
that, because Guzman initially filed suit against Foltz for damages arising
from the same subject matter as his claims against the City, all his tort
claims against the City were
barred by section 101.106(b) of the Tort Claims Act.

The trial court denied the City’s plea to the
jurisdiction, and this interlocutory appeal followed.

Discussion

Standard of Review

          A
plea to the jurisdiction challenges the trial court’s subject-matter
jurisdiction to hear a case.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000); Kamel v. Univ. of Tex. Health Sci. Ctr., 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.]
2010, pet. denied). 
The existence of subject-matter jurisdiction is a question of law that
we review de novo.  State Dep’t of Hwys. & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002); Kamel,
333 S.W.3d at 681.  We may not presume the existence of
subject-matter jurisdiction; the burden is on the plaintiff to allege facts
affirmatively demonstrating it.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–44, 446 (Tex. 1993); Kamel, 333 S.W.3d at 681.

          Whether
a governmental entity is immune from suit is a question of subject‑matter
jurisdiction.  Tex.
Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638–39 (Tex. 1999). 
Determination of that issue here turns on construction of the Tort
Claims Act’s election-of-remedies provision. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.106.  In construing a statute, our primary
objective is to determine and give effect to the Legislature’s intent.  Gonzalez, 82 S.W.3d at 327.  “[W]e ‘read the statute as a whole and interpret it to give effect to every part.’”  Id. (quoting Jones v. Fowler, 969 S.W.2d 429, 432 (Tex.
1998)).  With respect to a statutory
waiver of immunity, as in the Tort Claims Act, we interpret the waiver
narrowly, as the Legislature’s intent to waive immunity must be clear and
unambiguous.  Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008) (citing Tex. Gov’t Code Ann. § 311.034 (West Supp. 2011)).

Analysis

          Relying on Garcia, the City argues that the election-of-remedies
provision requires Guzman to sue either the City or its employee, and a
claimant who sues both loses the opportunity to sue the City under section
101.106(b).  See Garcia, 253 S.W.3d at 655; see also Tex. Civ. Prac.
& Rem. Code Ann. § 101.106. 
Guzman responds arguing, inter alia, that section (b) is inapplicable to
his suit.

          During the pendency of this appeal,
this Court has recently considered—and rejected—the same arguments advanced by
the City in City of Houston v. Esparza.  No.
01–11–00046–CV, 2011 WL 4925990, at *4 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed)
(rejecting City’s contention that § 101.106(b) bars suit against governmental
unit when suit originally filed against both governmental unit and employee); see also Tex. Dep’t of Aging and Disability Servs. v. Johnson, No. 01-11-00526-CV, 2012 WL 27728, at *2–3
(Tex. App.—Houston [1st Dist.] Jan. 5, 2012, no pet.)
(mem. op.) (following Esparza;
holding trial court did not err in denying plea to jurisdiction).  As such, this Court’s jurisprudence dictates
our holding that the trial court properly denied the City’s plea to the
jurisdiction with respect to Guzman’s claims and, because the County’s claims
are derivative of Guzman’s claims, properly denied the City’s plea to the
jurisdiction with respect to those claims as well.  See
generally City of Hous. v. Twin City Fire
Ins. Co., 578 S.W.2d 806,
808 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref’d
n.r.e.) (holding employee’s
failure to comply with notice requirement barred his claim against city, as
well as insurer’s subrogation suit, which was derivative of employee’s and
dependent upon employee’s recovery).

 

          We overrule the City’s sole issue.

Conclusion

          We
affirm the order of the trial court.

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.











[1]         See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8) (West Supp.
2011) (permitting interlocutory appeals from court order that grants or denies plea
to jurisdiction by governmental unit).





[2]
        See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b)
(West
2011).