**HARTFORD CASUALTY INSURANCE COMPANY, as subrogee of Shirley T. Mills, Appellant,**

v.

**ALBERTSONS GROCERY STORES, Appellee.**

No. 2–96–023–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 10, 1996.

---

Linda F. Jenkins, Dallas, for appellant.

J. Patrick Gallagher, Dale Jensen, Gallagher Law Office, Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAUPHINOT, Justice.

This is an appeal of a summary judgment granted in favor of Appellee Albertsons Grocery Stores ("Albertsons"), who defended a suit brought by Appellant Hartford Casualty Insurance Company ("Hartford") as subrogee of Shirley T. Mills ("Mills").

In one point of error, Hartford alleges that "the trial court erred in ruling that the workers['] compensation carrier could not pursue an employee's third party cause of action on its own and in the employee's name."

### DISPOSITION

We hold that (1) subrogation applies to the right to seek recovery, not to actual recoveries only, and (2) the third-party tortfeasor may not successfully assert a defense that it would have had against the injured employee as a defense to the carrier unless that defense was available at the time suit was filed. Therefore, we reverse the summary judgment order of the trial court

and remand this case to that court for proceedings consistent with this opinion.

## PROCEDURAL HISTORY AND FACTS

On March 4, 1993, Mills, employed by Nationmark, Inc., was working in Albertsons's grocery store when she slipped and fell on a slick substance on the floor, injuring her left foot. Mills filed a compensation claim, and Hartford, Nationmark's workers' compensation insurance carrier, subsequently paid approximately $46,233 in indemnity and medical benefits for her injuries.

Mills did not file suit against Albertsons, but Hartford did file suit in its name as subrogee of Mills on January 30, 1995, less than two years after the injury occurred, and therefore well within the two-year statute of limitations.[1]

Albertsons filed a motion for summary judgment, arguing that Hartford could only be subrogated to a recovery by Mills. Because Mills did not file suit before the statute of limitations ran, she could not recover, and therefore neither could Hartford. The trial court granted the motion in a general order on September 28, 1995.

## SUMMARY JUDGMENTS: STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[2] The burden of proof is on the movant,[3] and all doubts about the existence of a genuine issue of a material fact are resolved against the movant.[4] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.[5]

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true.[6] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[7]

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established,[8] or if it conclusively proves each essential element of an affirmative defense and thereby rebuts the plaintiff's claims.[9] An issue is conclusively proven if ordinary people would not draw conflicting conclusions after examining the evidence.[10]

To qualify for summary judgment, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim or establishes every essential element of the defendant's affirmative defense. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact concerning either the challenged elements of plaintiff's claims[11] or the defendant's affirmative defenses.[12]

The motion must itself expressly present the grounds on which it is made. In

1. Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon Supp.1996).

2. *See* Tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990).

3. *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990).

4. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

5. *Great Am.,* 391 S.W.2d at 47.

6. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984).

7. *Great Am.,* 391 S.W.2d at 47.

8. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

9. *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 828 (Tex.App.—Dallas 1994, writ denied).

10. *Id.*

11. *Centeq Realty,* 899 S.W.2d at 197.

12. *Muckelroy,* 884 S.W.2d at 828.

determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.[13] The purpose of this requirement is to provide the opposing party with adequate information for opposing the motion and to define the issues for the purpose of summary judgment.[14] Similarly, a summary judgment cannot be affirmed on a ground not specifically presented in the motion.[15] When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.[16]

### APPLICABLE STATUTE

▮▮▮▮▮ Initially, we address the issue of which statute applies under the facts of this case. Both parties have assumed the Texas Workers' Compensation Act applies; however, the plain language of the enabling legislation and Texas case law provide otherwise. Specifically, Hartford assumed in this appeal that section 417.001 of the Texas Workers' Compensation Act applied to this case.[17] However, the effective date of that Act was September 1, 1993.[18] A workers' compensation carrier's subrogation claim accrues at the same time as that of the employee.[19] Hartford's claim in this case, then, accrued as of the date of Mills's injury, March 4, 1993. Therefore, the Texas Workers' Compensation Act does not apply to the facts of

the instant case. Rather, the prior statute controls.[20]

### ANALYSIS

This case, in which the injured party did not sue, settle with, or release the alleged third-party tortfeasor, appears to be a case of first impression in Texas, yet its existence is contemplated by both the applicable statute and caselaw. Its resolution turns on two issues: one, is a carrier subrogated only to recoveries, or is it subrogated to *rights* of recovery; and two, if a carrier's claim accrues and then vests upon timely filing, can it later lose its vested status solely because of the injured employee's acts or omissions after suit is filed?

In its motion for summary judgment, Albertsons argued that Hartford could only be subrogated to a recovery, and that because Mills did not file suit before the statute of limitations ran, she could not recover, and therefore neither could Hartford. We reject both arguments.[21]

### Subrogation: Rights or Recoveries?

▮▮▮▮▮ Subrogation places one party in the place of another so that the new party gains the rights of the former party regarding a claim.[22] This definition, the statute, and other caselaw all indicate that a carrier is subrogated to the rights of an injured employee, not just to ultimate recoveries.

**13.** *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993).

**14.** *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex.1978); *Camden Mach. & Tool, Inc. v. Cascade Co.*, 870 S.W.2d 304, 309 (Tex.App.—Fort Worth 1993, no writ).

**15.** *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex.1992).

**16.** *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

**17.** TEX. LAB.CODE ANN. § 417.001 (Vernon 1996).

**18.** Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 8, 1993 Tex. Gen. Laws 987, 1273.

**19.** *Guillot v. Hix*, 838 S.W.2d 230, 235 (Tex. 1992).

**20.** Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05, 1989 Tex. Gen. Laws 1, 33, *amend-*

*ed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1234 (current version at TEX. LAB CODE ANN. § 417.001 (Vernon 1996)).

We note, however, that the 1993 workers' compensation statute was intended as a recodification only, without substantive change to the law. Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 6, 1993 Tex. Gen. Laws 987, 1273.

**21.** In its brief, Albertsons also argues that the summary judgment order is valid because Hartford did not sue in Mills's name and because its claim "is not consistent with the purpose of the statute." Because these points were not presented in Albertsons' summary judgment motion, we do not address them. *Travis*, 830 S.W.2d at 100.

**22.** *McBroome-Bennett Plumbing, Inc. v. Villa France, Inc.*, 515 S.W.2d 32, 36 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

According to the statute, subrogation occurs at the time the employee files a claim, not at the time of recovery:

If compensation is claimed under this Act by the injured employee ..., the insurance carrier is subrogated to the rights of the injured employee and may enforce in the name of the injured employee ... the liability of that other person.[23]

Thus the statute's plain language shows that the subrogation occurs at the time the injured employee files the workers' compensation claim.[24] This means that the carrier could file suit against the tortfeasor from that time until its statute of limitations expires.[25] The carrier has the right of subrogation even if it has not yet paid or obligated itself to pay compensation.[26] The right does not mature, though, until the payment or obligation occurs.[27]

The carrier's cause of action is derivative of the injured employee's cause of action, and it initially belongs to the employee, subject to the carrier's right to recover the amount it paid the employee.[28] The carrier's right overrides that of the employee after it pays or agrees to pay compensation. As the Texas Supreme Court noted in a case forty years older than *Guillot*, after an employee has collected workers' compensation, the employee has no cause of action against the third party until the carrier has recovered the amount it paid the employee.[29] Because it has a statutory right to subrogation, a carrier's right to reduce liability upon payment by a third party must not be "compromised." [30]

Albertsons correctly points out that the main rationale for subrogation of workers' compensation carriers is to prevent double recoveries by the injured employees "and at the same time to permit carriers to recover some of their disbursements and keep rates lower." Just as unjust enrichment is the overriding theme of the main rationale for subrogation, it is also the chief concern of another, less obvious rationale for the statute:

[I]f [an injured employee] decide[d] not to pursue his rights once he ha[d] been paid [by a carrier] then, although these rights subsist in principle, in practice [the tortfeasor] will be enriched because [the employee] will have effectively released him from the performance of his obligations. The secondary function performed by ... subrogation is to prevent [the tortfeasor's] enrichment.[31]

Albertsons admits that Mills received workers' compensation benefits from Hartford; thus, if we affirmed the summary judgment based on Albertsons's and the trial

---

**23.** Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05(b), 1989 Tex. Gen. Laws 1, 33 (amended 1993).

**24.** *Id.*

**25.** Language in several Texas cases supports this conclusion, for example: *Duke v. Wilson*, 900 S.W.2d 881, 886 (Tex.App.—El Paso 1995, writ denied) (ruling that the court should have allowed the carrier to intervene because it "was entitled ... to pursue this claim in Wilson's name, even had Wilson chosen not to pursue it"); *Macarangal v. Andrews*, 838 S.W.2d 632, 635–36 (Tex.App.—Dallas 1992, orig. proceeding) ("[S]ince National Union could have asserted its claim in the absence of a suit by the Schmidts, we do not construe the December 31st dismissal as disposing of National Union's claim by necessary implication.")(in refusing to grant a writ of mandamus to defendants below); *Hyster Co. v. Lawrence*, 846 S.W.2d 341, 344 (Tex.App.—Tyler 1991, no writ) (holding that documents prepared in anticipation of the injured employee or his workers' compensation carrier filing suit were privileged); *Travelers Ins. Co. v. Seidel*, 705 S.W.2d 278, 281 (Tex.App.—San Antonio 1986, writ dism'd) (concluding that the settlement between the employee's estate and tortfeasor nullified the enforcement section of the statute when the carrier was not a party to the settlement; the carrier's failure to intervene was irrelevant).

**26.** *Warneke v. Argonaut Ins. Co.*, 407 S.W.2d 834, 838 (Tex.Civ.App.—El Paso, 1966, writ ref'd n.r.e.).

**27.** *Id.*

**28.** *Guillot*, 838 S.W.2d at 232.

**29.** *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865, 869 (1952).

**30.** *Am. Gen. Fire & Casualty v. McDonald*, 796 S.W.2d 201, 204 (Tex.App.—San Antonio 1990, writ denied).

**31.** CHARLES MITCHELL, THE LAW OF SUBROGATION 9–10 (1994).

court's perception of subrogation, we would stifle this function of the statute by insulating third-party tortfeasors from suits in cases where the injured employee recovers from its carrier and chooses not to sue.[32]

Because Albertsons's argument misconstrues both the nature and timing of subrogation and, as a result, mistakenly treats recovery as an element of Hartford's cause of action, it lacks merit. Therefore it cannot have been a valid ground for the summary judgment order.

### The Statute–of–Limitations Defense

Albertsons also argued in its motion for summary judgment that because Mills did not file suit at all, it could assert a statute-of-limitations defense against her, and through her, against Hartford. Under these facts, we reject this argument.

 The derivative nature of a subrogation claim enables the defendant to assert any defense that it would have had against the injured employee.[33] That rule is inapplicable here. On January 30, 1995, Albertsons did not have a statute-of-limitations defense against Mills because she could timely file until March 4, 1995. Hartford sued before the statute ran; therefore the statute was tolled. Because the defense could not be asserted successfully against Mills on January 30, 1995, it could not later be asserted successfully against Hartford.

Under Albertsons's analysis, the enforcement provision of the statute could only be triggered if the injured employee also sued the tortfeasor.[34] That is, if an employee did not sue, the statute of limitations would always bar that claim and the claims of any subrogees, even those timely filed. But if the employee sues, the carrier has no need to "enforce the liability" of the tortfeasor because the employee is enforcing her own claim.[35] Thus, under the trial court's ruling, the statute would only operate in situations where it is least needed.

*Fort Worth Lloyds* controls our analysis here.[36] In that case, the injured employee did sue the third party and the carrier intervened. Then, the employee settled with the third party. The Texas Supreme Court held that allowing the employee to settle a claim without the carrier's agreement would "nullify" the enforcement provision in the statute and "contravene the legislative purpose." [37] Those same untenable results would occur if we affirmed the summary judgment.

Albertsons relies on *Phennel v. Roach*.[38] In that case, the Dallas Court affirmed the dismissal of the injured employee's cause of action as a discovery sanction and the dismissal of the carrier's claim as derivative.[39] The Dallas Court, like Albertsons, applied subrogation to ultimate recovery, not to the right to recover.[40] Because the worker's cause was struck, he recovered nothing, and therefore, the Dallas Court reasoned that the carrier's claim was also correctly dismissed.[41] Because we find that the majority in *Phennel* misconstrued subrogation and expanded the principle of derivation to cover sanctions instead of only defenses,[42] we disagree with the

---

**32.** The Texas Supreme Court faced a similar issue in *Fort Worth Lloyds*. In that case, the injured employee did sue the third party and the carrier intervened. Then, the employee settled with the third party. The Supreme Court held that the carrier should be paid first out of the proceeds, not the employee, because "there is nothing unjust in giving to the carrier who pays the compensation the right to recoupment under the statute." *Fort Worth Lloyds*, 246 S.W.2d at 870.

**33.** *Guillot*, 838 S.W.2d at 232.

**34.** *See* Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05, 1989 Tex. Gen. Laws 1, 33 (amended 1993).

**35.** *Id.*

**36.** *Fort Worth Lloyds*, 246 S.W.2d at 870.

**37.** *Id.*

**38.** 789 S.W.2d 612 (Tex.App.—Dallas 1990, writ denied) (op. on reh'g).

**39.** *Id.* at 615.

**40.** *Id.*

**41.** *Id.*

**42.** *See Guillot*, 838 S.W.2d at 232 (stating that a defendant may assert any defenses it would have had against the employee).

*Phennel* decision and decline to follow it. Instead, we follow the Dallas Court's opinion in an earlier case that disposes of the same issues as *Phennel.*[43] In *Cox,* the trial court dismissed the claims of both Cox and Aetna because the insured missed a scheduled deposition.[44] The Dallas Court held that (1) Aetna was a partial owner of the claim because it had paid the insured and (2) the trial court had no basis for dismissing Aetna's claims.[45] The Court explained:

> RDC's [Realty Development Corporation's] argument that Aetna's cause of action was wholly derivative is not well taken. The discovery abuse complained of occurred after Aetna, through payment and subrogation, became the owner and holder of a part of the Cox claim and after RDC was on notice of such fact. Furthermore, the dismissal order was a discovery sanction—punishment, in short. Aetna did nothing to merit this punishment by the trial court.[46]

Similarly, in the case at bar, the statute-of-limitations defense against Mills was not available when Hartford filed suit. Hartford's timely filing of the lawsuit gave Albertsons notice that Hartford was a partial owner of Mills's claim, tolled the statute, and prevented Albertsons from successfully asserting that defense in the lawsuit. The statute of limitations is the only affirmative defense Albertsons asserted. Because it was not a meritorious defense at the time suit was filed, we reject this ground for summary judgment.

### DECISION

Because neither ground appearing in Albertsons's motion for summary judgment supports summary judgment, we reverse the trial court's decision and remand this case to that court for proceedings consistent with this opinion.

---

43. *Cox v. Realty Dev. Corp.,* 748 S.W.2d 492 (Tex.App.—Dallas 1988, no writ). Albertsons attempts to distinguish this case because it concerns property insurance rather than workers' compensation insurance. Albertsons announces that "[unlike property insurance subrogation,] workers' compensation subrogation is governed solely by statute." Albertsons cites no authority to support this position. We are not persuaded that the legislature intended to give subrogation a different meaning in the Labor Code than it has at common law.

44. *Id.* at 493.

45. *Id.* at 494.

