**The STATE of Texas, Appellant,**

v.

**Cindy AZIOS, Appellee.**

**No. 09–96–357 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted March 12, 1998.

Decided April 23, 1998.

Hector J. Flores, Assistant Attorney General, Austin, for appellant.

Kenna M. Seiler, Hope & Causey, Conroe, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from summary judgment wherein movant relied on statute of limitations defense and the failure of appellant, The State of Texas, to file its subrogation lawsuit in the name of the injured employee. We reverse the trial court's summary judgment and remand this cause for trial on the merits.

Factually, on or about January 28, 1994, a vehicle operated by Cindy Azios collided with a Texas Department of Transportation vehicle, allegedly injuring Agapito Montalvo, who was in the course and scope of his employment with the Texas Department of Transportation. The State of Texas paid Mr. Montalvo workers' compensation benefits in the total amount $4,662.60. Agapito Montalvo never filed suit against Cindy Azios. The State of Texas filed a lawsuit in its own name within the two-year statute of limitation.

The State of Texas brings one point of error contending that the trial judge reversibly erred because he failed to correctly ap-

ply the law pursuant to TEX. LAB.CODE ANN. § 417.001(b) (Vernon 1996).

When reviewing a summary judgment, the appellate court is required to apply the following standard:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and doubt resolved in his favor.

*Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994).

Because the purpose of a summary judgment is to eliminate patently unmeritorious claims, such a judgment should be granted if the summary judgment evidence establishes the absence of any genuine issue of fact and the movant is entitled to summary judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). A defendant moving for summary judgment assumes the burden of showing as a matter of law that the Plaintiff has no cause of action against him. *Citizens First National Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976).

■ Regarding appellee's statute of limitations defense, we recognize the similarities in *Hartford Casualty Ins. Co. v. Albertsons Grocery Stores*, 931 S.W.2d 729 (Tex.App.—Fort Worth 1996, no writ). In *Hartford*, as in our present case, the injured employee did not file suit in her own behalf nor did *Hartford* file suit in the employee's name. *Id.* at 732. In both *Hartford* and our present case, the subrogee filed its suit within the two-year statute of limitations. *Id.* The *Hartford* court determined that the statute of limitations defense against the injured employee was not available when Hartford filed suit and that the filing of the suit by Hartford tolled the statute. *Id.* at 735. *See also Franks v. Sematech, Inc.*, 936 S.W.2d 959 (Tex.1997) and *Guillot v. Hix*, 838 S.W.2d 230 (Tex.1992)

We hold that appellant's, State of Texas, timely filing of its subrogation lawsuit against Cindy Azios, effectively tolled the statute of limitations.

■ The remaining question is whether bringing suit "in the name of the injured employee" means that the injured employee must be a party to the lawsuit or whether the insurance carrier can bring a suit in its own name simply referencing the injured employee in the lawsuit.

In appellant's First Amended Petition, appellant pleads the following:

### III.

Plaintiff, the State of Texas, acting by and through the Texas Department of Transportation, brings this action pursuant to the Texas Labor Code Ann. § 417 (Vernon 1994), formerly Texas Revised Civil Statutes Annotated Art. 8307, § 6a (Vernon Supp.1989). Plaintiff has an interest in the matter in controversy in the above-referenced entitled and numbered cause by reason of the fact that the Texas Department of Transportation employed Mr. Agapito Montalvo as a Maintenance Technician in Montgomery County, Texas. The State of Texas is self-insured under the workers' compensation statutes of the State of Texas, and such workers' compensation self-insurance covered Mr. Agapito Montalvo at all times material hereto, and specifically covered injuries sustained in the course and scope of his employment for the Texas Department of Transportation on or about January 28, 1994. Furthermore, Plaintiff has made workers' compensation benefit payments and medical payments which it is entitled to recover. Plaintiff hereby reserves the right to amend its First Amended Petition to include future medical payments prior to the time of trial. Plaintiff by reason of such payments is entitled to be subrogated to Mr. Agapito Montalvo's rights, and for such reason, files this, its First Amended Petition.

It is clear that appellant adequately set forth its subrogation interest in monies paid to Agapito Montalvo. It is appellee's contention that the failure to specifically name Agapito Montalvo as a party plaintiff fatally defeats the State's subrogation action.

The applicable statute is Section 417.001 of the Labor Code which states:

(a) An employee or legal beneficiary may seek damages from a third party who is or becomes liable to pay damages for an injury or death that is compensable under this subtitle and may also pursue a claim for workers' compensation benefits under this subtitle.

(b) If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. If the recovery is for an amount greater than that paid or assumed by the insurance carrier to the employee or the legal beneficiary, the insurance carrier shall:

(1) reimburse itself and pay the costs from the amount recovered; and

(2) pay the remainder of the amount recovered to the injured employee or the legal beneficiary.

(c) If a claimant receives benefits from the subsequent injury fund, the commission is:

(1) considered to be the insurance carrier under this section for purposes of those benefits;

(2) subrogated to the rights of the claimant; and

(3) entitled to reimbursement in the same manner as the insurance carrier.

(d) The commission shall remit money recovered under this section to the state treasurer for deposit to the credit of the subsequent injury fund.

Appellant asserts that the permissive "may" language gives the State the option of either bringing suit in the name of the injured employee or in the name of the State. Appellee contends that such interpretation is simply untenable. In *Franks,* 936 S.W.2d at 960, our Texas Supreme Court determined:

It follows, then, that a carrier who asserts a subrogation claim asserts a claim that belongs to the employee. This is true irrespective of whether the carrier sues in its own name or the employee's name, or whether the carrier seeks recovery of all damages owed by the third party or disclaims recovery of damages exceeding the benefits it has paid or is obligated to pay.[1]

We sustain appellant's point of error.

REVERSED AND REMANDED.

---

1. Counsel for appellee's candor and straightforward discussion of the issues involved in this lawsuit is greatly appreciated by this Court and the Court wishes to publicly commend her for her compliance with the Rules of Professional Conduct, Rule 3.03, "Candor Toward the Tribunal."