COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-287-CV
 
SOCORRO GRAY           
           
           
           
           
           
APPELLANT
V.
FORT WORTH INDEPENDENT SCHOOL       
           
           
           
APPELLEE
DISTRICT, SELF-INSURED, SUBROGEE
OF ELIZABETH MCKENZIE
------------
FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
       
This is a worker's compensation subrogation suit brought against Socorro Gray
("Gray") by Fort Worth Independent School District ("FWISD")
as subrogee of Elizabeth McKenzie ("McKenzie"). We affirm the trial
court's judgment.
II. FACTUAL SUMMARY
       
On April 21, 1998, McKenzie, who was in the course and scope of her employment,
was struck by a vehicle operated by Gray.  Due to injuries suffered by
McKenzie, FWISD paid worker's compensation benefits to or on behalf of McKenzie
totaling $17,789.92 and gave notice to Gray and his insurer, State Farm County
Mutual Insurance Company ("State Farm"), that it was claiming a
priority interest in any settlement proceeds.
       
State Farm subsequently negotiated a settlement with McKenzie for $656.50 and
delivered a release agreement to McKenzie that addressed all claims related to
the accident. After McKenzie executed the release, State Farm forwarded the
settlement check directly to FWISD. FWISD refused to accept the check and
subsequently filed a subrogation suit against Gray pursuant to Chapter 417 of
the Texas Workers' Compensation Act ("Act").(2) 
FWISD alleged in its original petition that it was a certified self-insured
entity, thus an insurance carrier, under the Texas workers' compensation laws of
the State of Texas.(3)
       
On September 14, 2000, Gray filed a motion for summary judgment on the grounds
that: 1) the Act did not create a statutory right that would allow FWISD to
bring this suit; and 2) assuming the Act created a statutory right for FWISD to
bring this suit, the right was derivative of McKenzie's claims, which were
barred by the settlement and release agreement executed by McKenzie.  By a
letter ruling, the trial court denied the motion.
       
On May 2, 2002, FWISD filed its motion for summary judgment on the sole basis
that the release McKenzie delivered to Gray could not extinguish the statutory
cause of action held by FWISD.  In a final judgment the trial court granted
FWISD's motion and ordered Gray to pay FWISD the sum of $17,789.92, plus
prejudgment interest in the amount of $4,503.53.  Gray subsequently brought
this appeal.
II. LEGAL ANALYSIS
       
Gray argues in two issues that the trial court incorrectly decided that
McKenzie's release was not a complete bar to FWISD's subsequent suit when it
denied his motion for summary judgment and granted FWISD's.  Gray contends
that he is entitled to judgment as a matter of law because McKenzie owned and
released all causes of action related to the accident.
       
The standards for reviewing a motion for summary judgment are well established.(4) 
The movant has the burden of showing that there is no genuine material fact
issue and that it is entitled to judgment as a matter of law.(5)
       
When both parties move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review both parties'
summary judgment evidence and determine all questions presented.(6) 
The reviewing court should render the judgment that the trial court should have
rendered.(7)
       
Section 417.001 of the Texas Labor Code states that

        
 (a) An employee or legal beneficiary may seek damages from a third party who
 is or becomes liable to pay damages for an injury or death that is compensable
 under this subtitle and may also pursue a claim for workers' compensation
 benefits under this subtitle.


        
 (b) If a benefit is claimed by an injured employee or a legal beneficiary of
 the employee, the insurance carrier is subrogated to the rights of the injured
 employee and may enforce the liability of the third party in the name of the
 injured employee or the legal beneficiary. If the recovery is for an amount
 greater than that paid or assumed by the insurance carrier to the employee or
 the legal beneficiary, the insurance carrier shall:
 
       
 (1) reimburse itself and pay the costs from the amount recovered; and
       
 (2) pay the remainder of the amount recovered to the injured employee or the
 legal beneficiary.(8)
 

       
A carrier's cause of action is derivative of its injured employee's cause of
action.(9)  The employee's cause of action
initially belongs to the employee subject to the carrier's right to recover the
amount paid to or for the benefit of the employee.(10) 
However, once the carrier pays or agrees to pay compensation to the injured
employee, the carrier's right overrides that of the employee, and the employee
has no cause of action against the third party until the carrier has recovered
the amount it paid to the employee.(11) 
When a carrier pays a claim on behalf of its insured, the carrier becomes an
owner of its insured's cause of action to the extent of the amount paid.(12)
       
FWISD paid McKenzie $17,789.92 in worker's compensation benefits.  Gray
concedes both in the statement of facts in his motion for summary judgment and
in his brief before this court that both he and State Farm were given notice
prior to settling with McKenzie that benefits had been paid to McKenzie by FWISD
and that FWISD claimed a "priority interest" in McKenzie's suit
against Gray.
       
As it stands, McKenzie received benefits from her employer's worker's
compensation carrier.  Both Gray and State Farm knew that McKenzie was
receiving the benefits yet proceeded to reach a settlement agreement with
McKenzie that failed to mention FWISD.  Once a carrier compensates an
injured employee, as in this case, the employee cannot execute a settlement
agreement that effectively extinguishes the carrier's statutory right of
subrogation until the carrier has been reimbursed the amount it paid to the
employee.(13)
       
If an injured employee is allowed to be compensated by his or her employer's
worker's compensation carrier and to also settle with and release a third-party
tortfeasor for less than the carrier's expenditures, the function of the statute
would be stifled by insulating third-party tortfeasors from subrogation suits
such as this.(14)
       
Because FWISD compensated McKenzie for her lost time and for medical expenses
and because these payments were made before the release was executed and with
the full knowledge of both Gray and State Farm, we hold that FWISD's subrogation
claim is not barred by the release.  We overrule Gray's issues.
IV. CONCLUSION
       
Having overruled Gray's issues, we affirm the trial court's summary judgment for
FWISD.
 
                                                                   
LEE ANN DAUPHINOT
              
                                                    
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
DELIVERED: May 22, 2003

1.  See Tex. R. App. P. 47.4.
2.  See id. ch. 417.
3.  See Tex. Lab. Code Ann. § 407.042
(Vernon 1996).
4.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).
5.  Id.
6.  Dow Chem. Co. v. Bright, 89 S.W.3d 602,
605 (Tex. 2002).
7.  Id.
8.  Tex. Lab. Code Ann. § 417.001.
9.  Guillot v. Hix, 838 S.W.2d 230, 232
(Tex. 1992); Hartford Cas. Ins. Co. v. Albertsons Grocery Stores, 931
S.W.2d 729, 734 (Tex. App.--Fort Worth 1996, no pet.).
10.  Guillot, 838 S.W.2d at 232.
11.  Fort Worth Lloyds v. Haygood, 246
S.W.2d 865, 869 (Tex. 1952); Hartford, 931 S.W.2d at 734.
12.  Thoreson v. Thompson, 431 S.W.2d 341,
347 (Tex. 1968); Cox v. Realty Dev. Corp., 748 S.W.2d 492, 494 (Tex.
App.--Dallas 1988, no pet.).
13.  Hartford, 931 S.W.2d at 734.
14.  See id. at 734-35 (pointing out that
function of statute would be frustrated if third-party tortfeasor was allowed to
be insulated from carrier that compensates injured employee just because injured
employee decided not to sue).