

**IN THE**
**TENTH COURT OF APPEALS**

———————

**No. 10-14-00032-CV**

**SOUTHERN COUNTY MUTUAL INSURANCE COMPANY,**
                                                          **Appellant**
 **v.**

**GREAT WEST CASUALTY COMPANY,**

                                                          **Appellee**

———————

**From the 278th District Court**
**Madison County, Texas**
**Trial Court No. 13-13371-278-06**

———————————————————————————————————————

**O P I N I O N**

———————————————————————————————————————

Southern County Mutual Insurance Company appeals the trial court's grant of a summary judgment in favor of Great West Casualty Company. Great West sued Southern County to collect on a judgment in an amount of $31,162.02 rendered in favor of Great West against an insured of Southern County. Because the trial court did not err in granting Great West's motion for summary judgment, the trial court's judgment is affirmed.

**BACKGROUND**

Tyron Black was injured in a vehicle collision with an employee of Standard Lee Hodges and his business, UTB Trucking, while the employee was acting in the course and scope of his employment. Hodges's insurance company, Southern County, denied coverage of Black's claims because the vehicle involved in the collision was not covered by Hodges's insurance policy with Southern County. Black then sought compensation for his injuries through his employer's workers' compensation carrier, Great West, which paid Black $31,162.02. Great West, as the subrogee of Black, sued Hodges, individually and doing business as UTB Trucking, to recoup the money Great West paid to Black. Great West obtained a judgment against Hodges in the amount of $31,162.02. When Hodges did not pay the judgment, Great West sued Southern County to enforce the judgment pursuant to a federal motor carrier endorsement, the MCS-90, attached to Hodges's policy with Southern County.

Southern County and Great West each filed traditional motions for summary judgment: Southern County arguing that Great West could not recover through the MCS 90 endorsement because the endorsement was not applicable to disputes among insurers, and Great West arguing that the endorsement inures to the benefit of an insurer asserting its subrogation rights pursuant to the Texas Labor Code. The trial court granted Great West's motion for summary judgment. In three issues argued together, Southern County argues that the trial court erred in granting Great West's

motion for summary judgment and in denying Southern County's motion for summary judgment because a workers' compensation carrier may not use the MCS-90 endorsement to recover its subrogation interest.

## SUMMARY JUDGMENT

We review a trial court's decision to grant or to deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192, 199 (Tex. 2007) (citing rule for review of grant of summary judgment and reviewing denied cross-motion for summary judgment under same standard); *BMTP Holdings, L.P. v. City of Lorena*, 359 S.W.3d 239, 243 (Tex. App.—Waco 2011), *aff'd* 409 S.W.3d 634 (Tex. 2013). In our review of cross-motions for summary judgment, we review the summary judgment evidence presented by each party, determine all questions presented, and render the judgment that the trial court should have rendered. *Tex. Mun. Power Agency*, 253 S.W.3d at 192 (citing *Comm'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997)). Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); *Lotito v. Knife River Corporation-South*, 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.).

*The MCS-90 Endorsement*

There is no dispute that Hodges had an insurance policy with Southern County which denied coverage of Black's personal injury claims because Hodges's vehicle involved in the collision was not covered by the insurance policy with Southern County. There is also no dispute that the policy contained the federally-mandated "Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980," referred to as an MCS-90, which must be attached to any liability policy issued to a registered motor carrier pursuant to 49 U.S.C. §§ 13906(a)(1), 31139(b)(2) and 49 C.F.R. § 387. Further, there is no dispute that Great West obtained a judgment against Hodges for the amount Great West paid to Black and that Hodges failed to pay that judgment. The dispute is whether Great West, standing in the shoes of Black, may enforce the MCS-90 endorsement and require Southern County to pay the final judgment Great West recovered against Hodges for the benefits Great West paid to Black as a result of the collision. This particular dispute has not been addressed by any court in Texas.

The MCS-90 in Southern County's policy states in pertinent part:

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, *any final judgment recovered against the insured for public liability* resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 *regardless of whether or not each motor vehicle is specifically described in the policy* . . . . It is understood and agreed that no condition, provision,

stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.

49 C.F.R. § 387.15 (emphasis added). As the Fifth Circuit has said, "Basically, the MCS-90 makes the insurer liable to third parties for any liability resulting from the negligent use of any motor vehicle by the insured, even if the vehicle is not covered under the insurance policy." *T.H.E. Ins. Co. v. Larsen Intermodal Servs*., 242 F.3d 667, 671 (5th Cir. 2001). Such is the case in this appeal.

But Southern County argues that the MCS-90 is limited to recovery by the injured party, not an insurance company. The purpose of the MCS-90, Southern County argues, is to assure that injured members of the public would be able to obtain judgments collectible against negligent authorized carriers. In support of its argument, Southern County relies on various courts' opinions interpreting the applicability of the MCS-90 to the facts of those particular opinions. However, none of those cases involve disputes between a subrogee of an injured member of the public and the insurer of the negligent motor carrier. *See e.g. Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868 (10th Cir. 2009) (dispute between motor carrier's two insurers); *Travelers Indem. Co. v. W. Am. Specialized Transp. Servs*., 409 F.3d 256 (5th Cir. 2005) (dispute between a primary and an excess carrier of the motor carrier); *Canal Ins. Co. v. Distribution Services, Inc*., 320 F.3d 488 (4th Cir. 2003) (dispute between insurers for trucking company and leasing

company from which trucker leased the truck involved in the accident); *T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.*, 242 F.3d 667 (5th Cir. 2001) (dispute between motor carrier's liability insurer and its insured trucking company for reimbursement of amounts paid in settlement of third party personal injury claims arising from collision); *Occidental Fire & Casualty Co. v. International Ins. Co.*, 804 F.2d 983 (7th Cir. 1986) (dispute between trucking company's insurer and truck lessor's insurer); *Carolina Cas. Ins. Co. v. Underwriters Ins. Co.*, 569 F.2d 304 (5th Cir. 1978) (dispute between insurers of the owner of the tractor and the owner of the trailer and the insurers of the lessee and sub-lessee of the tractor and trailer).

We understand and agree with the general principle stated in those opinions that as between an insurer with an MCS-90 endorsement and its insured or between joint insurers of the insured, the MCS-90 endorsement is not triggered. *See e.g. T.H.E. Ins. Co. v. Larsen Intermodal Servs.*, 242 F.3d 667, 673 (5th Cir. 2001). However, in this case, the situation is different. The dispute is not between joint insurers of Hodges or between Hodges and Southern County. The dispute is between Great West, who paid Black's personal injury expenses, and Southern County who was obligated pursuant to the MCS-90 to pay the judgment against Hodges, Southern County's insured, for Black's expenses.

The dispute here is much like that found in *Global Hawk v. Century-National Ins.*, 138 Cal. Rptr. 3d 363 (Cal. Ct. App. [1st Dist.] 2012, rev. denied). In *Global Hawk*,

Century-National paid its own insured who was injured by Global Hawk's insured. Global Hawk denied coverage based on the fact that the vehicle involved was not on the accepted schedule of insured vehicles. Century-National then sued Global Hawk for reimbursement because under California's Insurance Code and Century-National's subrogation agreement with its insured, Century-National stood in the shoes of its insured and was entitled to sue the tortfeasor and the tortfeasor's employer and its insurer, Global Hawk, for Century-National's insured's injuries and for reimbursement of the benefits it paid to its insured. *Global Hawk*, 138 Cal. Rptr. 3d at 369-370. The court of appeals agreed with Century-National and held that Century-National was entitled to reimbursement through the MCS-90 endorsement. *Id*. at 370. *See also Tri-Nat'l, Inc. v. Yelder*, No. 1:12CV209 SNLJ, 2014 U.S. Dist. LEXIS 15526 (E.D. Mo. Feb. 7, 2014, no review h.).

*Workers' Compensation Subrogation*

In this case, Black was injured and claimed workers' compensation benefits as he was entitled to do. *See* TEX. LABOR CODE ANN. §§ 409.003, 417.001(a) (West 2006). Great West, as the workers' compensation carrier, paid those benefits. According to the Workers' Compensation Act, "if a benefit is claimed by an injured employee, the insurance carrier is subrogated to the rights of the injured employee … and may enforce the liability of the third party in the name of the injured employee…." *Id*. § 417.001(b). The principal purpose of this section is to ensure that workers' compensation carriers

are reimbursed when a third party is liable for the injured employee's damages. *Reliance Ins. Co. v. Hibdon*, 333 S.W.3d 364, 375 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

Subrogation places one party in the place of another so that the new party gains the rights of the former party regarding a claim. *Hartford Cas. Ins. Co. v. Albertsons Grocery Stores*, 931 S.W.2d 729, 733 (Tex. App.—Fort Worth 1996, no pet.). In a workers' compensation claim, the carrier's cause of action is derivative of the injured employee's cause of action, and it initially belongs to the employee, subject to the carrier's right to recover the amount it paid the employee. *Id. citing Guillot v. Hix*, 838 S.W.2d 230, 232 (Tex. 1992). The carrier's right overrides that of the employee after it pays or agrees to pay compensation. *Id*. And, because it has a statutory right to subrogation, a carrier's right to reduce liability upon payment by a third party must not be "compromised." *Id*.

Southern County does not argue that Black could not recover under the MCS-90 had Black chosen to sue Hodges and obtain a judgment against Hodges rather than accepting benefits from the workers' compensation carrier, Great West. Because of the subrogation provision, Great West gained Black's right to sue Hodges and recover from Southern County the unpaid judgment pursuant to the MCS-90 endorsement once Great West paid benefits to Black. In essence, Great West became Black. Since Black could recover from Southern County pursuant to the MCS-90 endorsement, so too could Great West. *See Global Hawk v. Century-National Ins.*, 138 Cal. Rptr. 3d 363 (Cal.

Ct. App. [1st Dist.] 2012, rev. denied); *see also Ft. Worth Lloyds v. Haygood*, 246 S.W.2d 865, 870 (Tex. 1952) ("there is nothing unjust in giving to the carrier who pays the compensation the right to recoupment under the statute.").

CONCLUSION

The MCS-90 endorsement is triggered because Hodges' underlying insurance policy with Southern County did not provide liability coverage for the accident and Hodges did not pay the judgment against him. As a result, Great West is entitled to payment from Southern County under the MCS-90 endorsement and the Workers' Compensation Act to satisfy the judgment against Hodges. Therefore, Great West is entitled to judgment as a matter of law. For these same reasons, Southern County is not entitled to judgment as a matter of law.

The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 22, 2014
[CV06]